## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BONIFICIO LUNA TOXQUI    :
5604 Hamilton Street    :
Hyattsville, Maryland 20781    :    Civil Action No.
    :
    Plaintiff,    :
    :
v.    :
    :
ASHKAR BROTHERS, INC.    :
d/b/a MONTANA DOUBLE CAR WASH    :
2327 18th Street NE    :
Washington, DC  20018    :
    :
    Serve:  Resident Agent    :
    Alaa Saleh    :
    1906 Jackson Street, NE    :
    Washington, DC 20018    :
    :
    Defendant.    :

## COMPLAINT

Plaintiff, Bonificio Luna Toxqui ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Discoll PC, hereby files his Complaint against Defendant Ashkar Brothers, Inc. d/b/a Montana Double Car Wash ("Defendant"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiff worked for Defendant as a laborer. Plaintiff was paid at the same regular hourly rate. He worked approximately sixty hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate as required by D.C. and federal law. Defendant also failed to pay Plaintiff at or above the required D.C. minimum wage. Defendant has willfully violated

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

the clear and well-established minimum wage and overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all unpaid minimum wages and overtime compensation, as well as attorneys' fees and costs.

<u>JURISDICTION & VENUE</u>

1.      This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2.      Venue is proper pursuant to 28 U.S.C. § 1391.

<u>PARTIES</u>

3.      Plaintiff is an adult resident of Maryland.

4.      Defendant Ashkar Brothers, Inc. d/b/a Montana Double Car Wash is a D.C. corporation.

5.      At all times material herein, Defendant, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

6.      Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

7.      Defendant has at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce.  Defendant negotiates and purchases from producers and suppliers who operate in interstate commerce and serves customers in interstate commerce.

8.      At all times relevant, Defendant constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4722474_1

FACTS

9.    Plaintiff was employed by Defendant as a laborer from 2013 through 2016 (the "Employment Period").

10.    Plaintiff was paid at a daily rate of $87.00, which translates to a regular hourly rate of $8.70.

11.    Plaintiff worked approximately sixty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty.

12.    Plaintiff is owed approximately $14,585.00 in overtime wages and $7,446.00 in unpaid minimum wages.

13.    Plaintiff is owed overtime wages that Defendant willfully failed and refused to pay to Plaintiff in violation of D.C. and federal law.

14.    By statute, Defendant is required to maintain records which document the number of days Plaintiff worked. *See* 29 U.S.C. §211(c).

15.    The precise number of hours worked, and wages owed, should be revealed through discovery.

16.    Defendant knowingly and intentionally violated Plaintiff's rights under D.C. and federal law.

**COUNT I**
**(FLSA)**

17.    Plaintiff adopts herein by reference paragraphs 1 through 16 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3

4722474_1

18.     Defendant was required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty per week. *See* 29 U.S.C. § 207(a)(2).

19.     Throughout the Employment Period, Defendant failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty per week.

20.     Defendant's actions complained of herein constitute a willful violation of Section 207 of the FLSA.

21.     Defendant's violation makes it liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, and in his favor in an amount to be determined at trial, but not less than $29,170.00, which is two times the total overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Violation of the D.C. Minimum Wage Revision Act)

22.     Plaintiff adopts herein by reference paragraphs 1 through 16 above as if fully set forth herein.

23.     Starting July 1, 2014, Defendant was required to pay Plaintiff at least the rate of $9.50 per hour as required by D.C. law. After July 1, 2015, Defendant was required to pay Plaintiff at least $10.50 per hour as required by D.C. law. *See* D.C. ST §32-1003.

24.     Defendant failed to compensate Plaintiff at or above the required D.C. minimum wage throughout the Employment Period.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4722474_1

25.     Defendant was required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

26.     Throughout the Employment Period, Defendant failed to properly pay Plaintiff's overtime as required by the DCMWRA.

27.     Unpaid wages are due and owing to Plaintiff by Defendant.

28.     Defendant's failure and refusal to comply with its obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, and in his favor in an amount to be determined at trial, but not less than $44,062.00, which is two times the total overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

29.     Plaintiff adopts herein by reference paragraphs 1 through 16 above as if fully set forth herein.

30.     The amounts owed to Plaintiff by Defendant for minimum wage and overtime constitute "wages" under the DCWPCL. D.C. ST § 32-1301(3).

31.     Starting July 1, 2014, Defendant was required to pay Plaintiff at least the rate of $9.50 per hour as required by D.C. law. After July 1, 2015, Defendant was required to pay Plaintiff at least $10.50 per hour as required by D.C. law. *See* D.C. ST §32-1003.

32.     Defendant failed to compensate Plaintiff at or above the required D.C. minimum wage throughout the Employment Period.

33.     While employed by Defendant, Plaintiff worked overtime hours that were not properly compensated by Defendant as required by the DCWPCL.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

4722474_1

34.     Unpaid overtime wages are due and owing to Plaintiff by Defendant.

35.     Defendant's failure and refusal to comply with its obligations under the

DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment

against Defendant, and in favor of Plaintiff in an amount to be determined at trial, but not less

than $88,124.00 which is equals the unpaid wages plus treble damages; and to grant to Plaintiff

his reasonable attorneys' fees and costs and such other and further relief as the Court deems just

and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By:         /s/ Mary Craine Lombardo
            Mary Craine Lombardo (495881)
            mlombardo@steinsperling.com

            /s/ Eduardo S. Garcia
            Eduardo S. Garcia (1028040)
            egarcia@steinsperling.com


            25 West Middle Lane
            Rockville, Maryland 20850
            (301) 340-2020
            (301) 354-8126 – fax

            *Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4722474_1